UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LORETTA SOFIA LODRINI,

                Plaintiff,

      -against-

CATHERINE [sic] SEBELIUS, Secretary of Health and
Human Resources [sic], U.S.A.,[1] HILLARY RODHAM
CLINTON, (Private Sector) a.k.a. [sic] Secretary of
State U.S.A.,[2]

                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
14-CV-3137(SJF)(ARL)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 29 2014 ★

LONG ISLAND OFFICE

I.    Introduction

Pending before the Court is the complaint of *pro se* plaintiff Loretta Sofia Lodrini ("plaintiff") against defendants, Kathleen Sebelius, i/s/h as Catherine Sebelius, the Secretary of Health and Human Services of the United States of America, and Hillary Rodham Clinton (collectively, "defendants"), alleging, *inter alia*, "High Identity Theft, Internationally * * * [with] premeditated homicide[,]" (Compl. at ¶ II.B.), and "gross violation of civil rights 18: 241, 242 * * *," (Compl. at 9). For the reasons set forth below, the complaint is *sua sponte* dismissed in its entirety.

---

    [1] Plaintiff also sues Sebelius in her purported capacity as "original sister grapevine & suspected International Client & personal gain." (Compl., caption).

    [2] Since it is unclear, by plaintiff's reference to the "private sector" and the fact that Hillary Rodham Clinton ("Clinton") had ceased being the Secretary of State of the United States of America ("Secretary of State") more than one (1) prior to the commencement of this action, whether plaintiff intended to sue Hillary Rodham Clinton in her individual capacity or her official capacity, and in light of the determination herein, John Kerry, the current Secretary of State, has not been substituted as a party in place of Clinton. *See* Fed. R. Civ. P. 25(d).



II. The Complaint[3]

The first two (2) paragraphs of plaintiff's statement of her claim[4] read as follows:

PREAMBLE: PRIVATELY INTERNATIONAL / FEDERAL SUPREME - United States of America CONFIDENTIALLY To these Supreme Federal High Court Justices of Central Islip, New York State - Suffolk County, Eastern District - Premeditated Homicide for this herewith Plaintiff / Proprietress with actionable fact, on account of violent International Identity Theft of herewith Plaintiff / Proprietress. Principally committed through London U.K. & Mainland Europe as where conceived and born and a permanent resident, exclusively privately still today. From birth never registered and not public though not limited to, as exclusively private for her security unless falsely declared with malicious intent not limited to, all knowingly (Includes les Royaumes Unis de la Belgique, Royale BENELUXE, Switzerland with actionable fact, though not limited to) and as relates to this Proprietress's proper history, modern and not as is legal for this entirely blameless Plaintiff / Proprietress. This herewith Plaintiff / Proprietress never a resident in the U.S.A. voluntarily or not. Solicited violent isolationary tactics deployed/torturous active harassment, paid through suspected revolving linked International Client account, motored prejudicial hate groups / faith based and motored bribes to provoke entrapment knowingly. International all false solicitations and false transfers, bribes accepted and acted upon though not limited to all with actionable fact if accepted unforged through Federal / International with guaranteed safe untrafficked access to these <u>Federal Supreme Courts at 100 Federal Plaza 11722-9014 N.Y. U.S.A.</u> unassisted untrafficked safe transfer to Manhattan New York - U.S.A. for this herewith Plaintiff / Proprietress, with her own Security infra structure to prepare properly and submit in writing alone to multiple High Justice Court System, for private International High Court before permanent departure from these United States of America: As only reason for this herewith Plaintiff / Proprietress to visit these U.S.A. 2008 with premeditated homicide and trafficked arrival from London U.K. Ample precedencies exist

---

[3] The Court has reproduced excerpts from plaintiff's complaint verbatim and without correction. Any errors in spelling, grammar and punctuation are in the original and will not otherwise be noted.

[4] Apart from the first two (2) pages of the Court's general complaint form calling for the identity and addresses of the parties and the basis for this Court's jurisdiction, and her signature on page (4) of the complaint, plaintiff has left the balance of the general form complaint blank. Instead, plaintiff annexed to her complaint a five (5)-page, single-spaced, typed document which the Court construes as a statement of her claim.

2

Internationally, for confirmed experienced same private and public interests, trafficking this emancipated individual knowingly, on account of committed morbid commercial profit only, in excess of reason with substantial premeditation as declared. Actionable for International High Identity Theft of this herewith Plaintiff/Proprietress and premeditated homicide acted upon in New York State and California State U.S.A. whilst only visiting, with history for International.

* * *

This herewith Plaintiff / Proprietress, Loretta Sofia LODRINI, as acknowledged in Common law, at birth and (or) any alteration and inclusion(s) of stated name(s) including though not limited to middle initial. Certified Copywritten by the Library of Congress, Washington, D.C. Foreign International (private sector) at eighteen years of age, from les Royaumes Unis de la Belgique (Royale BENELUXE) explicitly to prevent her High Identity Theft (Internationally) Confidentially linked through Higher Court United Kingdom, though not limited to. With unforged relations in person as and to Empire and as to Monarchy, though not limited to. Loretta LODRINI as commonly misnamed by unknowledgeable third parties. Firmly very falsely Common Family Name (Confidentially, privately ennounced as acceptable in formal tradition and modern history to keep safe as acknowledged from the general public to prevent all false adoption as was premeditated, though not limited to) With actionable fact acknowledged directly through proper Empirical established Household Principles themselves and Monarchy as Family Friends, and to High Governance and their families with differences that occasion joint relations for their mutual High Security though not limited to. This herewith Plaintiff/Proprietress exclusively privately, Monarchially born in ROME Mainland Europe with natural conception (All Confidentially, for year of birth and proper geography, though not limited to) Born Empirically as Proprietress, genealogically directly to Empirical Household(s) and Monarchial, *(This Plaintiff/Proprietress' own Genealogy, properly preserved for her personal High Security, though not limited to)* + 20 years Commonwealth of Dominica Passport, Confidentially exclusively privately through London & Empire for this herewith more than Proprietress and as is customary for this only birth, as uncommon. With historical established Household modern emancipated at birth, as applies to International law for geography and year, though not limited to. Legitimately for this herewith Plaintiff/Proprietress all exclusively privately, without American assets. *(Heavily trafficked and all falsely transferred as entirely falsely registered involuntarily, temporary address: * * * Mobile telephone falsely adopted * * * (aggressive isolationary tactics deployed, torturous digital harassment, live tracking though not limited to with provoked lache. Locals empowered to motor bribes linked to suspected International Clients, with forged account accesses) Court System Library red brick building * * * most days whilst open 9:30 - 16:30, Mon. -*

*Friday, in person only to prepare for Court.)*

(Compl. at 5-6) (italics in original). Plaintiff's statement of her claim continues in this fashion for another four (4) pages and does not include any allegations against either defendant. Indeed, apart from the caption of the complaint, neither defendant is again mentioned in the complaint or plaintiff's statement of her claim.

For relief, plaintiff seeks, *inter alia*: (1) "proper accommodations in walking distance to Central Islip Suffolk County Court System New-York State U.S.A.[⁵] to continue to prepare to submit to federal as pre vouched with Index 13-31543 filed (Nov. 27 2013) on account of violent local harassment / for international inveterate high identity theft committed of this herewith client for commercial morbid profit in excess to reason where at home as principally London and Mainland Europe where this client was born, though not limited to as includes the Commonwealth of Dominica with +20 years passport exclusively through London and Empire[;]" (2) "immunity to prevent all false transfers particularly at night time for this client / proprietress day time preparing for federal court at Central Islip court system library * * * for safe computer access[;]" (3) "to switch funds to Legal Aid with Bank Capital One / Main Street in Bayshore that was opened involuntarily for this emancipated client with no American assets, whilst heavily trafficked through SSI and New York State U.S.A. though not limited to[;]" (4) "to contact United Medical Insurance through which this client was heavily trafficked to relate number for billing malpractice and fraud committed related to false solicitations and bribes acted upon that is missing from this plaintiff's belongings[;]" (5) "to contact SSI (through which this

---

[⁵] Plaintiff "suggest[s] [the] Marriot Hotel [for] 2 - 4 weeks." (Compl. at 6) (case converted to lowercase).

4

client was heavily trafficked) fraud division, as was reported to and asked in writing via fax to not intervene till this herewith client established contact again with determinations from filing herself to avoid dangerous harassment / SSI trafficking all forged number and forged profile for this client though not limited to, as entirely and unreasonably necessary[;]" (6) "[t]o kindly keep SSI informed of this involuntary client, court access for high justices at federal only on account of local harassment and their contact information[;]" (7) "to collect / retrieve all stored material and documents of this client from a private locker at 12 Mechanicsville Road 11706 Bayshore - heavily trafficked involuntary temporary residence (evicted 05/15/014 without order of eviction and suspected with conspiracy to commit her premeditated homicide) and to transfer contents of the locker to public storage 122 Saxon Ave. Bay Shore N.Y. 11706-7029 in her name, as was arranged without her consent for certain other materials[;]" (8) "to divulge full suspected forged identity for access to storage unit D177 at stated public storage location suspected identity frauds, with forgeries in this client's same name falsely relating internationally - with caution for orders linked terrorist funded live trafficking though not limited to[;]" and (9) "for permanent discharge notice from falsely solicited Family Service League Services for this involuntary client with unsuspected committed false national and international false solicitations relating falsely for committed fraud suspected on account of forgeries and inveterate international identify theft / frauds without legitimacy and suspected forged legitimacy." (*Id.* at 6-7) (case converted to lowercase).

III.    Standard of Review

District courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551

5

U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "'to raise the strongest arguments that they suggest." *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). Nonetheless, a district court has the inherent power to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). "A complaint * * * is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (accord).

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' * * * a category encompassing allegations that are 'fanciful,' * * * 'fantastic,' * * * and 'delusional' * * *." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328, 109 S. Ct. 1827); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33, 112 S. Ct. 1728.

A complaint is frivolous as lacking "an arguable basis in law," *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827, when "it is based on an indisputably meritless legal theory." *Id.* at 325, 327, 109 S. Ct. 1827; *see also Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 74 (2d Cir. 2005); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

6

Plaintiff's factual allegations lack an arguable basis in fact since they are almost entirely incoherent and those that can be discerned, *e.g.*, that "a device" was inserted into plaintiff's nose "during the course of a rhynoplasty [sic] for coordinates only," (Compl. at 8) (case converted to lowercase), "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Moreover, the only discernible claim in the complaint alleges a "gross violation of civil rights 18: 241, 242 for this herewith client * * *." (Compl. at 9). However, both Sections 241 and 242 of Title 18 of the United States Code are "criminal statutes that do not provide private causes of action."[6] *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (18 U.S.C. § 242); *see also Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. Feb. 2, 2011) (summary order) ("[T]here is no private right of action under Section 242 * * * [and] nothing in the language or structure of Section 241 suggests that Congress intended to create a private right of action under that section * * *."); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. June 23,

---

[6] Section 241 of Title 18 of the United States Code provides, in relevant part, that "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same * * * [t]hey shall be fined under this title or imprisoned not more than ten years, or both; and * * * if such acts include * * * an attempt to kill, they shall be fined under this title or imprisoned for any terms of years or for life, or both, or may be sentenced to death."

Section 242 of Title 18 of the United States Code provides, in relevant part, that "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; * * * or if such acts include * * * an attempt to kill, shall be fined under this title, or imprisoned for any terms of years or for life, or both, or may be sentenced to death."

2009) (summary order) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241-242, * * * are not cognizable, as federal criminal statutes do not provide private causes of action.") Since the only discernible claim in the complaint is based upon an "indisputably meritless legal theory," *Neitzke*, 490 U.S. at 325, 327, 109 S. Ct. 1827, the complaint lacks an arguable basis in law. Accordingly, the complaint is *sua sponte* dismissed as frivolous for lacking an arguable basis in both fact and law.

IV. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord), leave to amend is not required where a proposed amendment would be futile. *See Grullon*, 720 F.3d at 140; *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, L.L.C.*, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013). "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." *MetLife Investors USA Ins. Co. v. Zeidman*, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), *aff'd*, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); *see also Salomon v. Adderley Industries, Inc.*, 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013); *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329,

333 (E.D.N.Y. 2013).

Since, *inter alia*, even a liberal reading of the complaint does not give any indication that plaintiff can state a plausible claim against defendants, any amendment to the complaint would be futile. Accordingly, plaintiff's complaint is dismissed in its entirety with prejudice.

V. Conclusion

For the reasons set forth above, the complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: May 29, 2014
Central Islip, New York